CHADWICK ET AL. *v.* ALLESHOUSE ET AL.

[No. 19,900. Filed March 18, 1964. Rehearing denied April 16, 1964.]

*Edgar W. Atkinson,* of Auburn, for appellants.

*Deller & Dygert,* of Angola, for appellees.

KELLEY, J.—Appellees duly instituted this action against appellants, seeking to enjoin the latter from the operation of a vehicle or automotive racetrack on the land of appellant, Clifton W. Chadwick, and then in the process of construction.

The appellees' second amended complaint, upon which the issues were duly closed, alleged, inter

alia, in substance, that the individual appellees are respectively the owners of certain described tracts of real estate which is residential property and on each of which said pieces of land they had respectively erected a modern house in which they live; that the land of appellant, Clifton W. Chadwick, on which the racetrack is located, is immediately north of and adjacent to the said property of the several appellees; that appellant, Tri-State Motor Speedway, Inc., is an Indiana corporation organized for profit since the filing of appellees' action and is believed to be the operator of said racetrack under a lease of said land from appellant, Chadwick; that appellees, by registered letter, protested to appellant, Chadwick, against the construction of said track; that the first race, open to the public, was held on September 29, 1961 and approximately ten "stock cars" participated in the races; that appellees believe that none of the participating cars was equipped with mufflers of any type; that the tract is used by the cars from the hour of 7 o'clock P.M. to the hour of 11 P.M.; that the smoke emitted by the cars, the glare of strong search lights, the "braying" of the loud-speaker system, which can be heard for a half mile or more, and the "great amount of uproar, ear-splitting racket, loud snarling of motors and general pandemonium", prevent proper sleep and rest for appellees' children, decreases appellees' property values, and subject appellees to annoyance, vexation, extreme distrubance and nervous strain; that the "resulting damages" to appellees are irreparable and they have no adequate remedy at law.

After hearing the evidence, (all of which was put in by appellees, the appellants resting without offering any evidence), the court found for appellees; that the allegations of their second amended complaint

are true and proven and that appellees are entitled to an injunction perpetually enjoining appellants from operating or permitting the operation on the premises now owned or occupied by them of any races, test runs or time trials by automobiles, motor vehicles, race cars or other combustion power propelled vehicles, and from the use in connection with said activities of spot lights, loud speakers, or public address systems. Consistent judgment was entered by the court.

Appellants' motion for a new trial was overruled and this action of the court is the only assigned error. In the argument portion of their brief, appellants say that they "moved the court for a new trial for the following reasons:" Next following is set forth, in numerical order, that the decision is not sustained by sufficient evidence, that the decision is contrary to law, that the court erred in permitting appellees to "amend their complaint by inserting matter occurring after the filing of the original complaint", and that "as disclosed by the record many objections to the introduction of evidence was made by appellants' counsel, which were overruled by the court and which counsel believes to have been prejudicial to appellants".

Without concisely stating the basis of the objection to the ruling complained of, after each cause for new trial relied upon, or clearly exhibiting the points of fact and law and how they are applicable, as required by Rule 2-17(e), appellants then proceed in the argument portion of their brief to state that the evidence "conclusively proves": that Chadwick is the owner of the real estate involved; that he contemplated renting the premises to a corporation to hold small motor vehicles races and to have the usual concessions and entertainment; that it is true that the evidence shows that Chadwick did not personally intend

to carry on the business; that the contemplated business was a lawful business to be conducted by a corporation to be found for that purpose; that at the time of the commencement of the action there was no such corporation as the appellant, Tri-State Motor Speedway, Inc.; that, therefore, it would seem that Chadwick had the right to rent his real estate for a lawful business, and whether racing constituted a nuisance which could be enjoined *depends on the conditions connected with the enterprise;* that the operation of a race track is not a nuisance per se and Chadwick could not be held responsible for any acts of the corporation, even though operated in such manner as to constitute a nuisance. No reference to the evidence nor any statement is made that the evidence before the trial court failed or was insufficient in any respect to establish the nuisances alleged and complained of in appellees' second amended complaint.

Although, in their new trial motion, appellants specified error of the court in permitting appellees to amend their complaint "by inserting new matter" occurring after the filing of the original complaint, they do not argue this point. They say that the amended complaint was withdrawn by appellees and this was "equivalent" to a dismissal of the cause of action so that there was nothing left to amend. But the record discloses that appellants filed answer to the second amended complaint and went to trial without any objection. Of this, appellants say nothing.

Appellants aver that they objected to the introduction of evidence of matters taking place after the commencement of the action, which objections were overruled by the court. They go no further in argument on this point, nor do they set out or point out what

evidence they objected to, what the objections were, or that they properly preserved error as to any rulings thereon.

Finally, appellants engage upon an unapplied discourse to the effect that the business was never operated by Chadwick; that it is lawful and proper for the owner of real estate to rent it for a lawful purpose; that there seems to be no reason to perpetually enjoin him from renting his property for a lawful purpose; that if the Speedway corporation "can find a way" to operate the business without creating the conditions complained of in appellees' complaint, it should have the right to so operate; that race tracks, bowling alleys, football fields, basket ball, arenas, "etc." as well as "all" manufacturing plants are located reasonably close to residences, and "it would seem that all places operated for the entertainment of the public should be close to towns and cities for obvious reasons"; that "if the judgment in this case is affirmed" it "would make it impossible to operate any place of amusement and entertainment of the public"; that the evidence shows that "large crowds of people attend these races" and "they sit on the bleachers located right close to the track and pay for the privilege of being there"; that it is "useless to say that these folks are voluntarily undergoing disagreeable conditions such as are described in" appellees' complaint and "paying for the privilege of enduring such discomfort"; and that "any judgment rendered should have been limited, if at all, to acts and conditions constituting a nuisance".

None of the foregoing statements is applied to any claimed or assigned error nor is the record or the evidence referred to or cited as supporting the same.

Appellees have filed herein a motion, with supporting brief, that the judgment appealed from be affirmed on the grounds that none of the specifications in appellants' motion for new trial, which are relied upon by appellants, has been presented in conformity with the requirements of rules of the Supreme and Appellate courts, or in such manner as to enable the appellees to adequately consider and answer the same; that appellants rely upon new and different theories proposed for the first time on this appeal; that no point is made by appellants to show that the evidence failed to support the necessary and essential elements of fact to sustain the decision of the court; and that there has been no substantial compliance with the rules of the court which pertain to the making of the brief.

Appellants have made no request or motion herein for leave to amend their brief in any particular. We have above particularized the whole of the argument portion of appellants' brief and we are impelled to agree with appellees' insistence that no question has been presented and no reversible error has been established by the record.

Judgment affirmed.

Mote and Pfaff, JJ., concur; Hunter, P. J., not participating.

NOTE.—Reported in 196 N. E. 2d 901.